FRANCES W. PETTENGILL, Respondent, *v.* THE CITY OF YONKERS, Appellant.

It is the duty of a municipal corporation to keep its streets in a safe condition for public travel, and it is bound to exercise reasonable diligence to accomplish that end; this is so as well where an obstruction rendering travel unsafe is caused by a third person, as where it is the act of the corporation.

Where, therefore, public or private improvements are being made in a city street causing an obstruction, it is the duty of the city to guard them so as to protect travelers on the street from receiving injuries therefrom.

The municipality is not absolved from liability by the fact that the obstruction was caused by a contractor with the city, who by his contract, is bound to properly guard it or to place warning lights.

A person using a public street is not required to be vigilant to discover dangerous obstructions, but may walk or drive in day or night-time, relying upon the assumption that the corporation has performed its duty and in that respect, he is exposed to no danger from its neglect.

In an action to recover d  ~ages for personal injuries alleged to have been caused by defendant's negligence, the complaint alleged that " by and under the direction of the defendant" a trench was excavated and a dangerous embankment therefrom thrown up in one of its streets and was negligently suffered to remain exposed and without proper protection or notice to travelers; that a carriage, in which plaintiff was riding on a dark night ran against such embankment and was upset, causing the injuries complained of.    *Held,* that under the complaint, plaintiff was not confined to proof that the obstruction was created by defend-

Statement of case.

ant, but was entitled to show that it was the work of a third person and was left unguarded by defendant after notice of its existence; also, that upon the question of notice it was competent to show the condition of the street and the absence of lights in the night-time prior to the accident and on the same night thereafter.

It appeared that the dangerous condition of the street had existed for two months prior to the accident. *Held,* that defendant was chargeable with notice thereof.

The improvement causing the obstruction was being done under a contract with defendant's board of water commissioners in performance of the duty devolved upon it. *Held,* that, although said board was created by special statute (Chap. 36, Laws of 1873), yet as it is recognized as a department of the city government (Chap. 184, Laws of 1881) and its duties defined, and as it exists solely for the benefit of the city in doing the work, it was engaged in the discharge of a municipal duty, and for its negligence in the performance thereof the city was responsible.

(Argued October 31, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made at the December Term, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*Joseph F. Daly* for appellant. If the city caused the excavation and failed to protect it, it is liable for any consequences that happened from such neglect. (*Storrs* v. *City of Utica,* 17 N. Y. 104.) The cause of action being for making an excavation in the street, and failing to properly protect and guard it, it was error for the learned trial judge to permit plaintiff to prove that on other occasions the street was out of order and improperly protected. (*Warner* v. *N. Y. C. R. R. Co.,* 44 N. Y. 465, 472, 473; *Mailler* v. *E. P. Line,* 61 id. 316; *Smith* v. *G. S., etc., R. R. Co.,* 11 Abb. N. C. 62; *Storrs* v. *City of Utica,* 17 N. Y. 104; *Dressel* v. *City of Kingston,* 32 Hun, 533; *Brusso* v. *City of Buffalo,* 90 N. Y. 679.) The fact of insufficient protection on other nights had nothing to do with this action, and only tended to create a prejudice in the mind of the jury, and invite punitive

damages, not directly arising from the occurrence. (*Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 472.) Jury trials should be strictly confined to the issues made, and to the legitimate facts bearing upon them, and the practice of dragging in extraneous matters to influence the jury cannot be too strongly condemned. (*O'Hagan* v. *Dillon*, 76 N. Y. 72.) The law will not impute to a person the negligence of another, unless the relation of master and servant existed. (*King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181; *Pack* v. *Mayor, etc.*, 3 id. 489; *Kelly* v. *Mayor, [etc.*, 11 id. 432; *Blake* v. *Ferris*, 5 N. Y. 48.) When the legislature gives a corporation the right to enter upon a street and use it, the municipal authorities are not responsible for accidents to travelers resulting from such use. (*Roe* v. *Elmendorf*, 52 How. 232.) The board of water commissioners in supplying the inhabitants of the city of Yonkers with water was doing a private act and was not carrying out any corporate duty of the city of Yonkers, and the city was not liable for its negligence. (*Ham* v. *Mayor etc.,* 70 N. Y. 459; *Maximillian* v. *Mayor, etc.*, 62 id. 160; *Donovan* v. *Bd. of Ed.*, 85 id. 117; *Heiser* v. *Mayor, etc.*, 104 id. 68; *N. Y. & B. S. M. L. Co.* v. *City of Brooklyn*, 71 id. 580; 2 Dillon on Mun. Corp. [1st ed.] §§ 772, 974.) A city is not liable for negligent acts of its policemen. (*McKay* v. *Buffalo*, 9 Hun, 401.)

*James M. Hunt* for respondent. A general allegation of negligence, without specifying the particulars thereof, has been held by this court to be sufficient. (*Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 310, 314; *Sawyer* v. *City of Amsterdam*, 20 Abb. N. C. 227, 236; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 335, 361; *Ehrgott* v. *Mayor, etc.*, 96 id. 264, 273; *Nelson* v. *Vil. of Canisteo*, 100 id. 89, 93.) A municipal corporation is bound to keep its streets safe for travelers, and upon failure so to do is liable for damages sustained by reason of such failure. (*Turner* v. *City of Newburgh*, 109 N. Y. 301; *Jewhurst* v. *City of Syracuse*, 108 id. 303; *Kunz* v. *City of Troy*, 104 id. 344; *Pomfrey* v. *Vil. of Saratoga*

*Springs,* Id. 459; *Ehrgott* v. *Mayor, etc.,* 96 id. 271; *Reh-berg* v. *Mayor, etc.,* 91 id. 137.) The city is primarily liable, although it have a right of action against its agent, whose hands caused the obstruction, and, although against such agent the party injured might have maintained an action. (*Vil. of Port Jervis* v. *First Nat. Bk.,* 96 N. Y. 550; *McMahon* v. *S. A. R. R. Co.,* 75 id. 231, 235; *City of Rochester* v. *Montgomery,* 72 id. 65.) Where public or private improvements are being made in its streets, it is the duty of the city to guard and protect such improvements. (*Creed* v. *Hartman,* 29 N. Y. 596; *Hines* v. *City of Lockport,* 50 id. 236; *Masterton* v. *Vil. of Mt. Vernon,* 58 id. 394; *Brusso* v. *City of Buffalo,* 90 id. 679; *Saulsbury* v. *Village of Ithaca,* 94 id. 27; *Davenport* v. *Ruckman,* 37 id. 568, 573; *Russell* v. *Village of Canastota,* 98 id. 496, 502; *Willard* v. *Town of Newberry,* 22 Vt. 458; *McGuire* v. *Spence,* 91 N. Y. 303, 306.) The fact that the contractor who did the work contracted to keep guards and signals about the works does not relieve the city from liability to plaintiff, although it may give the city a right of action against the contractor. (*Brusso* v. *City of Buffalo,* 90 N. Y. 679, 680; *Storrs* v. *City of Utica,* 17 id. 104, 108, 109.) The required notice is simply of the existence of the obstruction, and not necessarily of its dangerous character. (*Rehberg* v. *Mayor, etc.,* 91 N. Y. 137–144; *Goodfellow* v. *Mayor, etc.,* 100 id. 15, 18; *Weed* v. *Ballston,* 76 id. 329, 336; *Todd* v. *City of Troy,* 61 id. 506–509.) The city had sufficient notice. (*Requa* v. *City of Rochester,* 45 N. Y. 129, 136; *Todd* v. *City of Troy,* 61 id. 506–509; *Pomfrey* v. *Vil. of Saratoga Springs,* 104 id. 459; *Weed* v. *Vil. of Ballston Spa,* 76 id. 329, 332, 336; *Kunz* v. *City of Troy,* 104 id. 344.) The city of Yonkers is responsible for the misfeasance as well as the nonfeasance of the board of water commissioners of the city of Yonkers, when engaged in work necessary to supply said city or any part thereof with water. .(Laws of 1881, chap. 184; Laws of 1868, chap. 673; Laws of 1871, 2078; *Ehrgott* v. *Mayor,*

*etc.*, 96 N. Y. 273.) The duty of supplying its citizens with water is a municipal duty. (Laws of 1881, chap. 184, §§ 4, 6; Laws of 1879, chap. 28; Laws of 1875, chap. 181; 92 N. Y. 368; 66 id. 413; 41 Barb. 381; 4 Week. Dig. 538; 96 N. Y. 271, 273; Dillon on Mun. Corp. [3d ed.] § 1027; *Sage* v. *City of Brooklyn*, 89 N. Y. 197; *Barnes* v. *Dist. of Columbia*, 91 U. S. 540; *Comrs.* v. *Glennon*, 21 Hun, 244; *Grant* v. *City of Brooklyn*, 41 Barb. 381; 3 Den. 433; *Maximillian* v. *Mayor, etc.*, 62 N. Y. 160; *Ham* v. *Mayor, etc.*, 70 id. 459; 96 id. 274; *Fleming* v. *Suspension Bridge*, 92 id. 368.) Defendant's motion for a nonsuit was properly denied. (*Todd* v. *City of Troy*, 61 N. Y. 506, 508, 510; *Nelson* v. *Canisteo*, 100 id. 89.) The city of Yonkers is not relieved from the duty of keeping its streets safe for travelers, even though it should be held that the board of water commissioners is not a part of the machinery for carrying on the municipal government. (*Nelson* v. *Canisteo*, 100 N. Y. 89, 93.) There is nothing in the charter to relieve the city of Yonkers from liability in this case. (*Kunz* v. *City of Troy*, 104 N.Y. 344, 348.)

BROWN, J. The plaintiff recovered a judgment at the circuit for $10,000 for personal injuries received by her in consequence of an obstruction in Yonkers avenue one of the public streets in the city of Yonkers.

The obstruction consisted of a heap of dirt and rocks thrown out from a trench dug for the purpose of laying water pipes. The night of the accident was very dark and misty. The plaintiff was riding with her husband in a wagon drawn by one horse going east, and coming in contact with the heap of dirt and stones the wagon was overturned and the plaintiff injured.

The evidence as to the existence of lights at or near the place of the accident was conflicting, but the jury were authorized to find, and on this appeal we must assume they did find, the facts in conformity with the plaintiff's proof.

Upon that assumption there was no light within one hundred feet of the place of the accident, no guard or barrier around

the heap of dirt, or the open trench, and nothing to warn the plaintiff or her husband of danger. We are of the opinion that the case in all its aspects was one for the consideration of the jury.

The point that proof was admitted which was at variance with the cause of action alleged in the complaint is not well taken. The cause of action was negligence on the part of the defendant in permitting one of the public streets of the city to be in a dangerous condition. The facts which constituted the negligence were alleged to be the excavation of a dangerous hole or trench and throwing up a dangerous embankment therefrom in the street "by and under the direction of defendant" and in suffering the trench and embankment to be without protection or notice to travelers on the night of the accident.

These facts were denied by the answer, and under the issue thus made the plaintiff was entitled to recover by showing, to the satisfaction of the jury, either a dangerous obstruction created by the city and left unguarded or an obstruction created by some third person and left unguarded by the city after notice of its existence. Upon the latter branch of the case all the evidence relating to the condition of the street, and the absence of lights in the night-time prior to the accident was admissible as it tended to show a condition of affairs from which the jury could infer that the city had or ought to have had knowledge of the dangerous condition of the street.

The evidence as to the non-existence of lights at the trench after the accident was confined to the night in question, and was admissible to contradict the testimony of the contractors that a light was there. It may not have been strictly in rebuttal but its admission was discretionary with the trial court.

Even if the appellant's contention, that it was not responsible for the negligent acts of the water board, was sound, that would not relieve it from liability in this case.

The dangerous condition of the street had existed for two months or more before the accident, and the defendant must

be deemed to have had knowledge of it. Its duty was to keep the streets in a safe condition for public travel, and it was bound to exercise reasonable diligence to accomplish that end, and the rule is now well established to be applicable whether the act or omission complained of and causing the injury is that of the municipal corporation or some third party. (*Nelson* v. *Vil. of Canisteo*, 100 N. Y. 89.)

Where public or private improvements are being made in a street, it is the duty of the city to guard and protect them so as to protect travelers on the street from receiving injury therefrom. (*Turner* v. *City of Newburgh*, 109 N. Y. 301.) And if necessary to prevent accidents it should, by some barrier, close the street against the public so that no harm may happen if the work on the street is delayed. (*Russell* v. *Vil. of Canastota*, 98 N. Y. 496.)

A person using a public street has no reason to apprehend danger, and is not required to be vigilant to discover dangerous obstructions, but he may walk or drive in the daytime or night-time, relying upon the assumption that the corporation whose duty it is to keep the streets in a safe condition for travel have performed that duty, and that he is exposed to no danger from its neglect.

Although the street where this accident happened had been in a dangerous condition for weeks, the proof does not show the slightest effort on the part of the city to warn travelers of its condition. It appeared to have relied upon the contractor to maintain the warning lights at the excavation, which, under his contract, he was bound to do. But the city was not absolved from its liability by this provision of the contract. (*Turner* v. *City of Newburgh, supra.*)

We think, however, that the board of water commissioners was one of the instrumentalities of the government of the city, and that the defendant is liable for its negligent acts.

In *Ehrgott* v. *Mayor, etc.* (96 N. Y. 273), this court said: " To determine whether there is municipal responsibility, the inquiry must be whether the department whose misfeasance or nonfeasance is complained of is a part of the machinery for

carrying on the municipal government, and whether it was at the time engaged in the discharge of a duty or charged with a duty primarily resting upon the municipality."

The duty of supplying the citizens of Yonkers with water is by statute made a municipal duty, and the board of water commissioners exists for that purpose.

While this board is created by special statute it is recognized as a department of the city government in the charter, and charged with the duty of " making the necessary surveys, etc., and preparing a general plan and system of sewers for the city," also " of preparing and approving specifications for constructing all sewers, drains, wells, fire cisterns, laying water pipes and erecting hydrants."

The board exists solely for the benefit of the city. It can own no property and do no act that has not reference to the well-being of the city. It is given the power to purchase and acquire land, but the title, when acquired, vests in the city. For its contracts the city is liable and judgments recovered against it are judgments against the city. When the water rents collected by it are more than sufficient to meet its expenses the surplus must go to the benefit of the city. It is denominated the " board of water commissioners of the city of Yonkers." It is not an independent body acting for itself but is a department of the city and one of the instruments of the municipal government. Being such, when engaged in digging the trench for the purpose of laying water pipe in Yonkers avenue, it was engaged in the discharge of a municipal duty, and it was obligatory upon it, in so doing, to so protect and guard the work that it should not endanger persons using the street, and if that was impossible, with a due and diligent prosecution of the work, the street should, by suitable barrier, have been closed against the public.

For its failure so to do and for injuries resulting from such failure the defendant is liable. (*Erghott* v. *Mayor, etc.,* 96 N. Y. 265; *Walsh* v. *Mayor, etc.,* 107 id. 220; *Barnes* v. *Dist. of Columbia,* 91 U. S. 540; *Brusso* v. *City of Buffalo,* 90 N. Y. 679.)

None of the exceptions to the charge of the learned judge who presided at the trial are well taken and the judgment should be affirmed, with costs.

All concur, except Haight, J., not sitting.

Judgment affirmed.