*In re* SMIDDY. *In re* CHRYSTIE. *In re* CONNOLLY *et al. In re* FISHER, (two cases.) *In re* GROGAN *et al. In re* JEWELL. *In re* RYAN *et al.*

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

PUBLIC IMPROVEMENT—DAMAGES—IMPROVEMENT BONDS—RELIEF AGAINST VILLAGE.

Laws 1888, c. 311, and Laws 1889, c. 201, creating a special system of sewerage for the village of New Rochelle, which authorize the commissioners of drainage to change the grade of streets, and to pay damages caused thereby out of the proceeds of bonds to be issued for that purpose, do not repeal Laws 1883, c. 113, making all incorporated villages liable for damages to real property occasioned by change of grade of highways; and persons injured by such change properly proceeded against the village for damages.

Appeal from special term, Westchester county.

Application by Alicia Smiddy and others (eight cases) for the appointment of commissioners to assess damages sustained by applicants from a change of grade of a highway in the village of New Rochelle. From an order appointing such commissioners the village of New Rochelle appeals. Affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*John J. Crennan* and *Wm. T. Emmet,* for appellant. *Martin J. Keogh,* for appellees.

BARNARD, P. J. The village of New Rochelle was incorporated by act of the legislature, (chapter 249, Laws 1864.) The village was made a separate road district under the contract of the village authorities. By chapter 113, Laws 1883, all incorporated villages were made liable for damages to real property adjoining any highway occasioned by a change of grade. By chapter 311, Laws 1888, the legislature created a special system of sewerage for the village; and by chapter 201, Laws 1889, amended it so that the commissioners of drainage were empowered to change the grade of streets, (section 9,) and to make payment of the damages to private property occasioned thereby. The village was directed to issue its bonds to defray the expense of the construction of the sewers and drains, and all other expenses, not exceeding $2,750. All other expenses were to be paid by general tax on the village property. Section 23. The act of 1889 does not provide any mode of assessing the damages from change of grade. The papers are silent whether or not any bonds have been issued, and whether or not the amount authorized was sufficient to pay all costs and expenses. Neither of the two acts in relation to special damages repeals the general act of 1883, which did provide a method of ascertaining the damage in such cases. The special acts did not, either in terms or by implication, repeal the general act. By this act alone the petitioner could have her damages assessed. The village pays under either the

general or special act. The special acts do not take away the power of the village over its streets generally. The village is still liable to maintain its streets, and the petitioner has the right to the order asked for, whether the change of grade be made by its trustee or by the commissioners of drainage. These commissioners are but a special department of the municipal government, and the damages are chargeable upon the village chargeable with the maintenance of the street. The order should therefore be affirmed, with costs and disbursements.