(54 App. Div. 9.)

SEELEY v. CITY OF AMSTERDAM.

(Supreme Court, Appellate Division, Third Department.  September 11, 1900.)

1. MUNICIPAL CORPORATIONS—ACTS OF AGENTS—LIABILITY OF CITY.
    Under Laws 1881, c. 101, as amended by Laws 1882, c. 197, creating a board of water commissioners for supplying a city with water; vesting all property acquired by the board, by condemnation or otherwise, in the city;  making the city liable on all bonds issued by the board; and directing the council to appoint new commissioners as their terms expire,—the city is liable for damages occasioned private property by such board, though the board is created a corporate body, since it is, as such, a department of the city government, for whose misfeasance the city is liable.

:2. SAME—CONDEMNATION OF PRIVATE PROPERTY—ACTION FOR DAMAGES.
    Laws 1881, c. 101, as amended by Laws 1882, c. 197, creating a board of water commissioners for supplying a city with water, provides that,

before taking any land therefor, such board shall cause a map to be made of the lands to be taken, on which the land of each owner shall be designated, and that the assessment of damages shall be by commissioners of assessment. *Held* that, in an action by an owner for damages to his property, a defense that his failure to apply for commissioners of assessment after the board had entered on his land and caused such map to be made, precluded his maintaining the action, is unavailing, where it was not averred that any of his property was designated on such map.

3. PLEADING—JUDGMENT ON DEMURRER.

The direction, in an interlocutory judgment sustaining a demurrer to defendant's answer, for entry of final judgment on defendant's failure to serve an amended answer and pay costs, is erroneous, where the answer contains a general denial, which leaves an issue to be disposed of.

Appeal from special term, Saratoga county.

Action by Joseph Seeley against the city of Amsterdam. From an interlocutory judgment at special term sustaining plaintiff's demurrer to two separate defenses, defendant appeals. Judgment modified.

The complaint alleges that the plaintiff is the owner of a piece of land in Providence, Saratoga county, through which flows a private stream known as "Haan's Creek," to the use of the waters of which he is entitled; that in the year 1890 the defendant wrongfully constructed dams across the said creek above the premises of the plaintiff, and by means of such dams, pipes, and other appliances, diverted the waters of the stream, and has since used the same for the purpose of supplying the inhabitants of the city of Amsterdam with water, and has prevented the waters of the creek from running to and upon the plaintiff's premises. The defendant, for a second defense, avers that the acts complained of were done by the water commissioners of Amsterdam, created a body corporate by chapter 101 of the Laws of 1881; that, in pursuance of the power and authority conferred upon them in the said act, the said water commissioners in 1889 purchased a piece of land in the town of Providence, upon Haan's creek, at a point about a mile above the plaintiff's lands, constructed thereon a dam, and diverted the waters of the creek, through pipes, for the purpose of supplying Amsterdam with water; and that the action is, for that reason, not maintainable against this defendant. For a third defense, the defendant, reiterating the allegations of the second defense, further avers that before entering upon or taking any lands or rights in the town of Providence, and in or about the year 1889, the water commissioners of Amsterdam caused the survey and map required by said act of the legislature to be made, duly signed, and filed, upon which were designated the lands and rights proposed to be taken; that the commissioners were unable to agree with plaintiff as to the value of his rights, or the damages sustained by him, and did not apply to the supreme court for the appointment of commissioners to determine the damages sustained by the plaintiff; that the plaintiff has failed to apply to the court for the appointment of commissioners of assessment, and, having an adequate remedy for his damages under the said act, he cannot maintain this action. The plaintiff's demurrer to each of these defenses on the ground that it is insufficient in law, upon the face thereof, was sustained, and from the interlocutory judgment entered upon the decision this appeal is taken. The act under which the questions arise is chapter 101, Laws 1881, as amended by chapter 197, Laws 1882; title 8, c. 131, Laws 1885; chapter 264, Laws 1887.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

C. S. Nisbet, for appellant.

Edgar T. Brackett, for respondent.

EDWARDS, J. An analysis of chapter 101 of the Laws of 1881, as amended, shows that the primary purpose of the legislature was to supply the city of Amsterdam with water, and that the board of water

commissioners is the agency created by the legislature for the accomplishment of that purpose. The duties of the commissioners, as prescribed by the act, are to examine and consider all matters relating to supplying the city with water; to adopt plans for procuring such supply; to purchase and to acquire by condemnation proceedings property required for the purpose of the act; to borrow money upon the credit of the city, and to execute bonds to secure the payment of the same; to establish a scale of rents for water; to collect the same, and to apply the receipts, above expenses, to the payment of the interest of the loans, and the creation of a sinking fund for the payment of the principal; and to file annually a detailed statement of their accounts with the clerk of the city of Amsterdam. The act provides that all property purchased by the commissioners, or acquired by them through condemnation proceedings, shall belong to the city, and the amount of any award made for such property shall be a liability against the city; that the money borrowed by the commissioners shall be upon the credit of the city, and the bonds executed by them shall be a liability against the city; that in case the receipts for water rents and charges, above expenses, are insufficient to meet the interest and principal as it falls due, the deficiency, as certified by the water commissioners to the mayor and common council, shall be assessed, levied, and collected from the taxable property of the city. It further provides that, upon the expiration of the terms of service of the commissioners named in the act, their successors shall be appointed by the mayor and common council of the city, by whom, also, all vacancies are to be filled by appointment. From these provisions, it will be seen that the board of water commissioners, in the performance of its duties, acts solely for the benefit of the municipality. The city owns the property acquired by the board, is liable for the debts contracted, and to it the board is accountable for the funds which it administers. The board is not an independent body, but is merely an arm to supply one of the wants of the municipal body. Apart from the needs of the city, there is no reason for its existence. In the charter it is recognized as a department of the city government. Laws 1885, c. 131, tit. 8. And, within the authorities, it is a department for whose misfeasance the city is liable. Deyoe v. Village of Saratoga Springs, 3 Thomp. & C. 504; Bolton v. Village of New Rochelle, 84 Hun, 281, 32 N. Y. Supp. 442; Pettengill v. City of Yonkers, 116 N. Y. 558, 22 N. E. 1095. Nor does the fact that the board was created a body corporate in any way affect the question of its agency. It is as competent for the legislature to make a corporate as it is an unincorporate board a department or instrumentality of the city government. The various boards of cities are not infrequently, by their charters, made bodies corporate. I think, therefore, that the special term was right in sustaining the demurrer to the second defense.

The demurrer to the third defense was also properly sustained. The defendant contends that the plaintiff's only remedy for the injury complained of is that provided for by the statute, through the medium of commissioners of assessment. While the method of obtaining compensation provided for in the statute for property taken by the water commissioners is, I think, exclusive (Calking v. Baldwin, 4 Wend. 668;

Heiser v. Mayor, etc., 104 N. Y. 68, 9 N. E. 866), it is exclusive only when the water commissioners have proceeded to take the property in pursuance of the authority conferred upon them by the statute. The act does not provide that for all injuries to property the damages shall be ascertained by a commission of assessment. If the water commissioners, not in conformity with, but in disregard of, the statute, take or injure property, the owner may resort to his common-law remedy. The statute invests the water commissioners with the power of determining what property is required for the purposes of the act, and defines their mode of procedure in taking such property. It makes it their duty to examine and consider all matters relating to supplying the city with water, and to adopt plans for procuring such supply; authorizes them to purchase such "lands, tenements, hereditaments, rights and privileges," within the county of Montgomery or any adjoining county, as may be required for the purpose; and requires them, before entering upon, taking, or using any land for the purposes of the act, to cause a survey and map to be made and filed of the lands intended to be taken or entered upon for any of said purposes, by and on which the land of each owner or occupant shall be designated. The purpose of a survey and map evidently is to furnish some record evidence of the boundaries of the land, and the extent of the rights which the water commissioners intend to take or enter upon for the purpose of supplying the city with water. Without some designation by the commissioners of the property and rights required to be taken, the owners would be without the necessary information for making an application for the appointment of commissioners of assessment, or any basis for an assessment of damages. The making and filing of the map is a prerequisite to the taking of property. Rider v. Stryker, 63 N. Y. 136. The defense demurred to sets up these various provisions and requirements of the statute, and alleges "that before entering upon or taking any land or rights in the town of Providence, Saratoga county, in or about the year 1889, said water commissioners of Amsterdam caused the survey and map required by said act of the legislature to be made, duly signed, and filed, upon which was designated the lands and rights proposed to be taken"; but it does not aver that any property or rights of the plaintiff were designated upon the map. The defense contains no averment of such a taking of the plaintiff's property under the statute as requires him to have his damages ascertained by commissioners of assessment, and for the injuries complained of I think his common-law remedy is available.

The direction in the interlocutory judgment for entry of final judgment in the event of defendant not serving an amended answer and paying costs was erroneous, for the reason that the answer contained a general denial, and an issue remained to be disposed of. Code Civ. Proc. § 1021. This was probably through inadvertence, and would have been corrected had an application been made. The interlocutory judgment should be modified by striking out that direction, and as thus modified should be affirmed, with costs of appeal to the respondent, and with the usual leave to amend on payment of costs. All concur.