S. Walter Scott, Appellant, *v*. Village of Saratoga Springs, Respondent.

Constitutional law — actions against municipal corporations — legislature has power to direct that actions for injuries caused by defects in streets shall be brought against officers of a municipal corporation instead of the corporation itself.

Municipal charters being granted for the better government of the particular districts, the right to insert such provisions as seem to best subserve the public interest is inherent in the very nature of such institutions. For the breach of a duty imposed for the public benefit the legislature may grant or deny a remedy to an individual who has sustained damage and in granting a remedy impose conditions upon the right to enforce it.

In the discharge of a duty primarily resting upon a municipality a department thereof acts as the agent of the municipality, and such is the case although the board or department may have full power and authority in the particular matter given it in charge; but it rests with the legislature to determine the extent and manner in which the municipality shall be subject to liabilities. It can set aside the general rule and provide that all actions on account of any act done or omitted by sewer, water and street commissioners shall be brought against said commissioners and that no such action shall be brought against the municipality in its corporate name.

By section 34 of chapter 506 of the Laws of 1902, amending the charter of the village of Saratoga Springs, certain officers who by section 5 of that act may be appointed sewer, water and street commissioners, are declared to be a body corporate, and it is provided that "all actions or proceedings on account of any act done or omitted by the said commis-

sioners *shall be brought* against" them in their corporate name. *Held,* that an action for injuries sustained by reason of a defective sidewalk must be brought in accordance with such statutory direction.

The act in question is not in conflict with the State Constitution because it contains unusual provisions and grants to the commissioners extended and comprehensive powers. Nor is the Constitution violated by the provision that the commissioners who are thereby also authorized to appoint other village officers, are to be appointed by the president of the village who is himself elected by the board of trustees. (Opinion of Justice KELLOGG in *Scott* v. *Vil. of Saratoga Springs,* 131 App. Div. 347, approved and adopted.)

*Scott* v. *Village of Saratoga Springs,* 131 App. Div. 347, affirmed.

(Argued May 11, 1910; decided June 17, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 17, 1909, reversing a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial and granting a new trial.

The plaintiff stumbled against one of several flagstones temporarily laid upon a sidewalk in the village of Saratoga Springs, at a place where the walk was being repaired, to the knowledge and with the consent and under the direction of the sewer, water and street commission of said village. He sustained damages for which this action is brought. At the Trial Term the jury rendered a verdict in his favor of $1,000. An appeal was taken from the judgment entered upon such verdict, and from an order denying the defendant's motion for a new trial, to the Appellate Division of the Supreme Court, where the judgment and order were reversed upon the law and exceptions only. It appears from the order that the court examined the facts and found them sufficient to sustain the judgment, and that it affirmed the judgment and order upon the facts. A new trial was granted, with costs to abide the event. From such order of the Appellate Division this appeal is taken, and a stipulation is given by the plaintiff that if the order is affirmed on this appeal, judgment absolute shall be rendered against him. Further facts are found in the opinion.

*Nash Rockwood* for appellant.   Chapter 506 of the Laws of 1902 is in direct contravention of section 2, article 10 of the State Constitution.   It deprives the people of Saratoga Springs of the right of local self-government guaranteed by the constitutional enactment, and violates its provisions in letter and in spirit.   ( *Vil. of Saratoga Springs* v. *Van Order*, 75 App. Div. 205; *Rathbone* v. *Wirth*, 6 App. Div. 277; 150 N. Y. 459; *People ex rel. Bolton* v. *Albertson*, 55 N. Y. 56; *People ex rel. Townsend* v. *Porter*, 90 N. Y. 68; *People ex rel. Wood* v. *Draper*, 15 N. Y. 532; *People ex rel. Le Roy* v. *Hurbert*, 24 Mich. 44; *Wynehamer* v. *People*, 13 N. Y. 441; *Warren* v. *Mayor*, 2 Gray, 84; *State of Ohio* v. *Commissioners*, 5 Ohio St. 497; *People* v. *McCann*, 16 N. Y. 58; *Williams* v. *People*, 24 N. Y. 406.)   The act creating the sewer, water and street commission, being chapter 506 of the Laws of 1902, is unconstitutional and void for the reason that it violates the prohibitions contained in section 16, article 3 of the Constitution.   (*People* v. *Bd. Suprs.*, 43 N. Y. 2; *Kerrigan* v. *Force*, 68 N. Y. 383; *Matter of Rochester* v. *Bloss*, 77 App. Div. 32; *People* v. *O'Brien*, 38 N. Y. 193; *People ex rel. Pratt* v. *Brooklyn*, 13 Abb. [N. S.] 125; *Devlin* v. *Mayor, etc.*, 63 N. Y. 8; *Hulbert* v. *Banks*, 52 How. Pr. 202; *State* v. *Roby*, 142 Ind. 168; *Hingle* v. *State*, 24 Ind. 28; *Smith* v. *Mayor, etc.*, 34 How. Pr. 508.)   There was no error in the refusal of the trial court to grant defendant's motion for a nonsuit.   The action was properly brought against the village in its corporate capacity.   (*Ehrgott* v. *City of New York*, 96 N. Y. 264; *Maxwell* v. *Furze*, 3 Hill, 612; *Conrad* v. *Trustees of Ithaca*, 16 N. Y. 158; *Requa* v. *City of Rochester*, 45 N. Y. 129; *Tone* v. *Mayor*, 70 N. Y. 157; *Turner* v. *City of Newburgh*, 109 N. Y. 302; *Seeley* v. *City of Amsterdam*, 54 App. Div. 9; *Missano* v. *Mayor, etc.*, 160 N. Y. 123.)

*Frank Gick* for respondent.   Chapter 506 of the Laws of 1902 is not in contravention of section 2 of article 10 of the State Constitution, and does not deprive the people of the vil-

lage of Saratoga Springs of the right of local self-government.
(*People ex rel. Kemmler* v. *Durston*, 119 N. Y. 569; *People
ex rel. Devery* v. *Coler*, 173 N. Y. 103; *Rogers* v. *Common
Council*, 123 N. Y. 173; *People ex rel. Furman* v. *Clute*, 50
N. Y. 451; *People ex rel. Nechamcus* v. *Warden, etc.*, 144 N. Y.
529.) The action was improperly brought against the defend-
ant village; the action should have been against the sewer,
water and street commission of the village of Saratoga Springs.
(L. 1902, ch. 506; *Rider* v. *City of Amsterdam*, 31 Misc.
Rep. 375; *Seeley* v. *City of Amsterdam*, 54 App. Div. 9;
*MacMullen* v. *City of Middletown*, 187 N. Y. 37.)

CHASE, J.    Two questions of law are involved upon this
appeal: 1. Can this action be sustained against the defend-
ant, or should it have been brought against the sewer, water
and street commission of Saratoga Springs, New York?
2. Is the act (Laws of 1902, Chapter 506) amending the char-
ter of the village of Saratoga Springs, to provide for the
appointment of sewer, water and street commissioners
for said village and to prescribe their powers and duties,
constitutional?

Judge GRAY, writing for this court in *MacMullen* v. *City of
Middletown* (187 N. Y. 37), has made more clear than appeared
prior to that time the power of the legislature to prescribe
and define the authority of municipalities.    Referring in that
case to a provision of the charter of the city of Middletown,
which provided that no action should be maintained for dam-
ages or injuries to the person sustained in consequence of the
existence of snow or ice upon any sidewalk of said city, unless
written notice thereof relating to the particular place was
actually given to the common council, and there was a failure
or neglect to cause such snow or ice to be removed, or the
place otherwise made reasonably safe within a reasonable
time after the receipt of such notice, the judge says: " In my
view of this question, the legislature in no wise exceeded its
just powers by the enactment of the provision in this char-
ter; however restrictive the requirement.    A municipal cor-

poration is a political, or governmental, agency of the state, which has been constituted for the local government of the territorial division described and which exercises, by delegation, a portion of the sovereign power for the public good. In its organization and in the assignment of its powers and duties, the legislature acts supremely. The power to grant, or to deny, a remedy by private action for the breach of a duty, imposed upon it for governmental purposes, and to affix conditions, where the right to an action is given, is not one which should be called in question. It may be that such a question, upon precisely these facts, may not have been presented to this court in previous cases. The cases are numerous, which involved the right of the municipality to defeat the claims of a plaintiff, because of the failure to show notice, or knowledge, on its part of the conditions complained of and because of the failure to comply with statutory requirements of notice to municipal officers, before the commencement of an action." (p. 41.)

He quotes from *Curry* v. *City of Buffalo* (135 N. Y. 366) as follows: "The whole matter of the maintenance of this class of actions was within the control of the legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions," and then says: "This statement of the rule was deliberate, and in my opinion, it is correct, when the nature and functions of municipal corporations are considered. * * * These corporations are bodies politic; created by laws of the state for the purpose of administering the affairs of the incorporated territory. * * * The whole interests are the exclusive domain of the government itself and the power of the legislature over them is supreme and transcendent; except as restricted by the constitution of the state. Their charters being granted for the better government of the particular districts, the right to insert such provisions as seemed to best subserve the public interest would seem, from the very nature of such institutions to be inherent." (p. 42.)

He also says : " It seems very clear to me that, in the dis-tribution, through charters, to municipalities of governmental powers and of administrative duties within the described territory, there is no limitation upon the regulative power of the legislature. For the breach of a duty, imposed for the public benefit, it may grant, or deny, a remedy to an individual, who has sustained damage, and in granting a remedy impose conditions upon the right to enforce it. It seems to me that a thoughtful consideration of the nature of these public cor-porations and of the principles, which underlie their creation, leads, irresistibly, to the just conclusion that they can only be subjected to liabilities to the extent and in the manner that the charter permits, expressly or impliedly." (p. 44.)

The village of Saratoga Springs is incorporated by special charter. The charter was generally revised by chapter 220 of the Laws of 1866. In 1902 (Laws of 1902, chapter 506) an act was passed to provide for the appointment of sewer, water and street commissioners of said village and to prescribe their powers and duties, and by such act it was expressly pro-vided that " The said village is hereby continued a separate road district, exempt from the superintendence and care of the commissioners of highways of the town of Saratoga Springs and the said commissioners are hereby constituted and declared to be commissioners of highways of the same, and the said commissioners shall have the exclusive power to lay out, alter or discontinue any street, highway, lane or alley in said village, and shall exercise all the powers and authority in reference to the streets, highways, lanes and alleys in said village that commissioners of highways of towns possess in relation to highways in their respective towns  * * *  and shall have the sole and exclusive care and supervision of all the streets, sidewalks, bridges, culverts, lanes and alleys of said village. In addition to the other powers and duties imposed by this act, it shall be the duty of said commissioners to maintain the roads, highways, avenues, streets, sidewalks, lanes, alleys, gutters, bridges and culverts of said village in good repair; to make such alterations and

improvements therein as they may from time to time deem
proper; \* \* \*." (Section 5.)

The act further defines and makes exclusive the power of
the commissioners in all matters relating to the streets and
sidewalks of the village; the control and disbursement of the
moneys raised therefor and in establishing ordinances, by-laws
and regulations relating thereto as in the act prescribed.

It may be assumed that as a general rule in the discharge
of a duty primarily resting upon a municipality a department
thereof acts as the agent of the municipality (*Pettengill* v.
*City of Yonkers*, 116 N. Y. 558; *Niven* v. *City of Roches-
ter*, 76 N. Y. 619; *Walsh* v. *Mayor, etc., of N. Y.*, 107 N. Y.
220; *Conrad* v. *Trustees Village of Ithaca*, 16 N. Y. 158;
*Deyoe* v. *Village of Saratoga Springs*, 1 Hun, 341; *Seeley* v.
*City of Amsterdam*, 54 App. Div. 9), and that such is the case
although the board or department may have full power and
authority in the particular matter given it in charge. (*Ehrgott*
v. *Mayor, etc., of N. Y.*, 96 N. Y. 264; *Missano* v. *Mayor,
etc., of N. Y.*, 160 N. Y. 123; *Bolton* v. *Village of New
Rochelle*, 84 Hun, 281; *Turner* v. *City of Newburgh*, 109
N. Y. 301; *Requa* v. *City of Rochester*, 45 N. Y. 129.) But
as shown by the quotation from *MacMullen* v. *City of Mid-
dletown* (*supra*), it rests with the legislature to determine the
extent and manner in which the municipality shall be subject
to liabilities. It can set aside the general rule and provide
that all actions on account of any act done or omitted by the
sewer, water and street commissioners shall be brought against
said commissioners, and that no such action shall be brought
against the municipality in its corporate name? Has it
done so?

It is provided by section 34 of said act that "The said
commissioners are hereby declared to be a body corporate.
All actions or proceedings authorized by this act shall be
brought by the said commissioners and all actions or proceed-
ings on account of any act done or omitted by the said com-
missioners shall be brought against the said commissioners in
their name of the sewer, water and street commission of

Saratoga Springs, New York. All claims on account of any act done or omitted by the said commissioners may be compromised and paid by them, and any final judgment recovered thereon shall be satisfied by them out of their funds, if, at such time, there shall be in the judgment of the said commission sufficient funds of the said commissioners applicable thereto; otherwise the fact shall be certified by the said commission to the trustees of the said village, who shall include the amount thereof in their next tax budget, to be levied and collected in the manner now provided by law for other taxes   *   *   *."

The statutory direction that all actions on account of any act done or omitted by the said commissioners shall be brought against them in their corporate name, when read in connection with the other provisions of the statute by which the commissioners are made a body corporate, are given exclusive power and authority over the subjects enumerated in the act, control of the disbursement of the moneys authorized to be raised in connection therewith, and are authorized to compromise and pay all claims on account of all acts so done or omitted by them, seems too plain for judicial construction.

The legislature within its constitutional authority has said that " *All* actions   *   *   *   on account of any act done or omitted by the said commissioners *shall be brought* " against them in their corporate name and such statutory direction must be obeyed.

The question remains whether the act of 1902 is generally in conflict with the State Constitution. The title of the act is " An Act to amend the charter of the village of Saratoga Springs and to provide for the appointment of sewer, water and street commissioners for said village and to prescribe their powers and duties." It contains unusual provisions in that it grants to the commissioners most extended and comprehensive powers.

Most of the governmental functions and administrative duties of the village corporation are devolved upon such commissioners. Several amendments to such act have been

enacted, but for the purposes of this opinion it is sufficient to consider the act as it was originally passed.

At the time when the said act became a law the charter of the village of Saratoga Springs provided that the board of trustees should elect " Some suitable person who shall be a resident and taxpayer of said village to the office of president of the village." By the act of 1902 it is provided that " The president of the village * * * shall * * * appoint five sewer, water and street commissioners. * * *." By such act the sewer, water and street commissioners so appointed are authorized to appoint many of the other officers of the village.

It is earnestly contended that the act is generally unconstitutional because the commissioners are to be appointed by an appointee and not by an officer elected by the votes of the people, and that the officers appointed by the sewer, water and street commissioners will be three steps removed from an elected officer of the village.

The constitutional provision by which local self-government is specifically preserved is section 2 of article 10 of the State Constitution which provides as follows : " All city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the legislature shall designate for that purpose."

The appellant contends that under such constitutional provision all city, town and village officers whose election or appointment is not provided for by the Constitution must be either elected by the people or appointed by those upon whom the people have conferred power and authority *by election.* He cites as authority for this proposition the language of the court in *Rathbone* v. *Wirth* (6 App. Div. 277). The language of the court in that case, so far as it relates to the question now under consideration, was not necessary to the decision.

It is undoubtedly the theory of the Constitution that the

several counties, cities, towns and villages are of right entitled to choose whom they will have to rule over them and that this right cannot be taken from them and the electors and inhabitants disfranchised by an act of the legislature or of any or all of the departments of the state government combined. (*People ex rel. Bolton* v. *Albertson*, 55 N. Y. 50; *People ex rel. Townsend* v. *Porter*, 90 N. Y. 68; *People ex rel. Wood* v. *Draper*, 15 N. Y. 532.)

The president of the village of Saratoga Springs appointed pursuant to the direction of the legislature, by the board of trustees duly elected for said village, is an authority of the village as fully as if he had been elected to such presidency by the electors thereof. When the act provided for ·the appointment of sewer, water and street commissioners by such president of the village, it was by an authority of the village designated by the legislature for that purpose within the express language of the Constitution.

The language of the learned justice who wrote in *Rathbone* v. *Wirth* in the Appellate Division should be treated as the statement of a rule that would in his opinion make for the best interest of local government.

The approval by this court (*Rathbone* v. *Wirth*, 150 N. Y. 459) of the statement of general principles which underlie our popular form of government, as made by the learned justice in the Appellate Division in that case, was not intended as an indorsement of his statements or conclusions as to the constitutional authority to name an appointee of an appointee. In view of the opinion of Justice Kellogg in the Appellate Division in this case (*Scott* v. *Village of Saratoga Springs*, 131 App. Div. 347), which we adopt and approve, it seems unnecessary to discuss the further questions relating to the constitutionality of said act of 1902.

The judgment should be affirmed, with costs.

Cullen, Ch. J., Haight, Werner, Willard Bartlett and Hiscock, JJ., concur.

Judgment affirmed.