LOUIS HENRY, Respondent, *v.* CITY OF SARATOGA SPRINGS (Formerly VILLAGE OF SARATOGA SPRINGS), Appellant.

Third Department, November 10, 1915.

Municipal corporations — liability of village of Saratoga Springs for negligence of park commissioner — accident resulting from tripping over wire — joint wrongdoers.

Under chapter 366 of the Laws of 1912, amending the charter of the village of Saratoga Springs and giving to the park commissioner part of the authority over the surface within the street limits, which before was all in the sewer, water and street commissioners, an action for personal injuries sustained by tripping over a wire strung from six to fifteen inches high from a gate post to the corner of a grass plot within the limits of a street, based upon the negligence of the park commissioners may be maintained against the village, which is primarily liable.

Even if the plaintiff could have established the liability of the sewer, water and street commissioners, or of an independent contractor, who was at the time in charge of the premises where the accident occurred, they would be merely joint wrongdoers with the park commissioner.

APPEAL by the defendant, City of Saratoga Springs, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 14th day of July, 1915, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 20th day of July, 1915, denying defendant's motion for a new trial made upon the minutes.

*Harold H. Corbin* [*Walter P. Butler* and *John A. Slade* of counsel], for the appellant.

*Rockwood & McKelvey* [*L. B. McKelvey* of counsel], for the respondent.

Judgment and order unanimously affirmed, with costs, upon the opinion of VAN KIRK, J., at Trial Term.

The following is the opinion delivered at Trial Term:
VAN KIRK, J.:

This is a negligence action. The jury have found in substance that the plaintiff fell and received his injuries on account of the negligence of the park commissioner of the village of Saratoga Springs; that no negligence on the part

of the plaintiff contributed to his injuries; that the damage suffered by plaintiff is $2,000.

About ten o'clock in the evening of August 2, 1914, the plaintiff came out of Congress Park by the Congress street gate. There is a paved walk about eleven feet wide and about twelve feet long leading from said gate to the paved sidewalk along the easterly side of Broadway at this point. The two walks meet at an acute angle. When within a step or so of the corner of the two walks plaintiff turned to his left to go to the trolley station, and tripped over a wire strung from the gate post along the edge of the walk to the corner of the grass plot, where it was attached to a stake from six to fifteen inches high. He fell across the corner of the plot, striking upon the paved sidewalk. The place of the accident was within the limits of Broadway.

Some of the matters argued extensively may be excluded from consideration. The accident did not occur in a park, or on property the title of which was in the village. The statutes authorizing the acquisition of lands for parks and providing for a park commissioner are only indirectly of interest. The question whether the care of parks is a governmental or corporate function is not decisive of the case. (See *Maxmilian* v. *Mayor*, 62 N. Y. 160; *Fire Ins. Co.* v. *Village of Keeseville*, 148 id. 52; *Oakes Mfg. Co.* v. *City of New York*, 206 id. 228; *Ehrgott* v. *Mayor, etc.*, 96 id. 264; *Gartland* v. *New York Zoological Society*, 135 App. Div. 170; *Collett* v. *Mayor*, 51 id. 394; *Moest* v. *City of Buffalo*, 116 id. 657; affd., 193 N. Y. 615.)

The statute of direct interest is chapter 366 of the Laws of 1912, which amends the charter of the village* and gives to the park commissioner part of the authority over the surface within the street limits, which before was all in the sewer, water and street commissioners. Under the charter, prior to 1912, an action grounded in negligence, which rendered the street dangerous to travelers, could not be brought against the village as such; it must be brought against the sewer, water and street commissioners. (*Scott* v. *Village of Saratoga Springs*, 199 N. Y. 178.) But the said chapter 366 provides that the

* See Laws of 1866, chap. 220, §§ 91-94, as added by Laws of 1912, chap. 366. — [REP.

commissioner of parks shall " alone possess power and authority to protect, cultivate, care for and regulate the use of all plots and areas lying within the limits of any streets or avenues or public squares in said village and not prepared for use for travel either for teams or vehicles or persons on foot, including all grass plots and park spaces and all shade trees within the boundaries of any such streets, avenues or public squares in said village."

In exercising the power and authority there given, the park commissioner is the agent of the village, not of the public. He is acting under a special statute, not a general statute applicable to all villages. Can he be considered the agent of the sewer, water and street commissioners as the body primarily liable? While the care of highways and bridges comes under the sovereign governmental power of the State (*Markey* v. *County of Queens,* 154 N. Y. 675), the State may delegate this power to municipal corporations, as it has, and villages may be required to keep the streets and sidewalks of the village in a safe condition. There is an implied undertaking on the part of the village to perform these duties with fidelity, which inures to the benefit of a person injured, and for a failure to perform such duty the municipality may be held liable. (*Conrad* v. *Trustees of Village of Ithaca,* 16 N. Y. 158; *MacMullen* v. *City of Middletown,* 187 id. 45.)

As a general rule, in the discharge of a duty primarily resting upon a municipality, a department thereof acts as the agent of the municipality, although the department may have full power and authority in the particular matter given it in charge. The Legislature may determine the extent and manner of the liability of the municipal corporation. It may set aside the general rule and provide that all actions, on account of an act done or omitted by the department, shall be brought against that department, and that no such action shall be brought against the municipality in its corporate name. The charter* provides: " The said commissioners [sewer, water and street commissioners] are hereby declared to be a body corporate. * * * All actions or proceedings on account of any

---

* See Laws of 1902, chap. 506, § 34. See, also, Laws of 1906, chap. 603 —
[REP.

act done or omitted by the said commissioners shall be brought against the said commissioners in their name of the sewer, water and street commission of Saratoga Springs, New York." The commissioners are made a body corporate and are given exclusive power and authority over the subjects enumerated in the act. (*Scott* v. *Village of Saratoga Springs*, 199 N. Y. 183, and cases cited, in which Judge CHASE has carefully considered the charter of that village.) The charter then changed the general rule and put this restriction upon the bringing of such actions. But for this restriction, such an action would have been properly brought against the village under the other provisions of its charter.

But by the later amendment of the charter (Chap. 366) the park commissioner was given certain duties in the streets, to be by him performed alone. Those duties were then taken from the sewer, water and street commissioners. There is no provision that for his act or omission an action may be brought against him in his name. To the extent that chapter 366 took from the sewer, water and street commissioners duties in caring for the streets, and placed those duties upon the park commissioner, the general rule has been restored. The park commissioner cannot be the agent of the sewer, water and street commissioners in performing acts which, since said amendment, they are not called upon to perform. This action is brought on account of the negligence of the park commissioner, not of the sewer, water and street commissioners. This negligence rendered the street at the point in question dangerous to pedestrians. It seems, therefore, that for such negligence the village is primarily liable, and that an action is properly brought against the village, rather than the sewer, water and street commissioners. If the plaintiff has established a cause of action on account of the negligence of the park commissioner it should not be held that he could not maintain his action without in addition showing that the sewer, water and street commissioners were also negligent in failing to discover and have removed the dangerous condition in the street. It may be that the plaintiff could have established the liability of said commissioners, and could have maintained an action against them. (*Jewhurst* v. *City of Syracuse*, 108 N. Y. 303; *Sweet*

v. *City of Poughkeepsie,* 97 App. Div. 82.)   In such case the park commissioner would be a joint wrongdoer with the sewer, water and street commissioners.

The park commissioner entered into a contract with Mr. Gaffney, by which Mr. Gaffney was to lay out and make the park; in the plans and specifications furnished to Mr. Gaffney the location of this accident, though in the street, was included for improvement.   Before the improvement the flagging had extended from the sidewalk to the fence on the easterly side of Broadway.   Under the contract and specifications Mr. Gaffney removed the flagging, constructed the walk leading into Congress Park and the sidewalk along the easterly side of Broadway, and laid out the grass plot where the accident occurred. The defendant urges that, when he included in his contract the improvement of a portion of Broadway, the park commissioner exceeded his authority; but it seems to me plain that this act was within his power and authority conferred by said chapter 366.

Under his contract Mr. Gaffney was not only to lay out and complete the park and the grass plot where the accident happened, but he was bound to keep the same in condition for one year.   The defendant, therefore, urges that the negligence complained of was the negligence of the independent contractor solely.   Without exception on the part of the defendant, the question of the negligence of the park commissioner was submitted to the jury upon the following theory: This grass plot was at the time of the accident under the care of Mr. Gaffney, and while it was legal and proper for him to place a guard around it, the park commissioner, the other party to the contract, still had authority to require the guard to be changed or removed in case it was in fact dangerous to pedestrians, if it was in fact a trap or a snare.   The park commissioner and his employees knew of the existence of this wire, placed as it was, and had from time to time replaced it.   It was left to the jury to determine whether the park commissioner was negligent in failing to realize that a dangerous condition was caused by the wire and in allowing it to be so maintained.   It may well be that Mr. Gaffney was negligent, and would be liable in an action brought against him based upon the same facts; but if the finding of the jury is justified, and the case was submitted upon

the proper theory, the park commissioner was a joint wrongdoer.

The defendant's motion for a dismissal of the complaint is denied, and its motion to set aside the findings of the jury is denied. An order will be made that judgment be entered in favor of the plaintiff against the defendant upon the verdict.