FRANCES JEWHURST, Respondent, *v.* THE CITY OF SYRACUSE, Appellant.

Where there is no visible boundary to the line of a city street and a portion of the roadway traveled on is so near the line, although really outside of the street, as to induce the belief in anyone passing upon the street and exercising reasonable care that he is within the line thereof, if such portion is for any reason rendered dangerous for travel and the city has notice thereof, and such danger can be remedied by the exercise of reasonable care, either by the erection of a guard or railing along the line of the street or in some other way, and the city neglects to do this, it is liable to one injured because of such defect while traveling upon such portion of the roadway, if he himself is free from any contributory negligence.

The owner of land adjoining one of defendant's streets had built a sidewalk along the line thereof consisting of two strips of twelve-inch plank laid lengthwise of the street one foot apart, one strip inside and one outside of the limits of the street. Plaintiff while walking along said sidewalk on the strip of plank outside of the street limits was injured by the breaking of the plank. In an action to recover damages for the injury it appeared that for a year prior to and at the time of the accident the sidewalk, for want of repair, had become and was in an unsafe and dangerous condition, of which fact defendant had notice; also, that there was nothing to indicate the line of the street. *Held*, that defendant was properly held liable for negligence.

(Submitted January 20, 1888; decided February 7, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 10, 1885, which affirmed a judgment in favor of plaintiff entered upon a referee's report.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff through a defect in a sidewalk on one of defendant's streets which it had negligently permitted to remain out of repair and in a dangerous condition.

The material facts are stated in the opinion.

*C. L. Stone* for appellant. The plaintiff's injury having occurred outside the limits of Tallman street, and the duty of the common council of the city being confined to the streets of the city, the defendant has incurred no liability for the accident. (Charter, tit. 4, §§ 7, 9 ; *Lee* v. *Village of Sandy Hill,* 40 N. Y. 442 ; Wood on Nuis., § 326 ; *Tisdale* v. *Inhab. of Norton,* 8 Metc. 388 ; *Rowell* v. *City of Lowell,* 7 Gray, 100 ; *Richards* v. *Inhab. of Enfield,* 13 id. 344 ; *Vedder* v. *Village of Little Falls,* 100 N. Y. 343 ; *Carpenter* v. *City of Cohoes,* 81 id. 21.)

*Forbes, Brown & Tracy* for respondent. For a failure to keep the walk in repair the defendant became liable to any person who sustained injury in consequence of such neglect, provided such person was without fault on his or her part (9 N. Y. 163 ; 36 id. 54 ; 37 id. 568 ; 45 id. 129 ; 46 id. 194 ; 55 id. 666 ; 59 id. 660 ; 61 id. 506 ; 66 id. 334 ; 75 id. 45 ; 76 id. 329 ; 77 id. 83 ; 91 id. 303 ; 94 id. 27 ; 97 id. 238.) Notice of the condition of the walk is presumed from the existence of the defects for such a reasonable time as would enable defendant's officers to discover the same. (45 N. Y. 129 ; 46 id. 194 ; 55 id. 667 ; 61 id. 506.) Plaintiff had a right to assume the walk was safe. (76 N. Y. 329 ; 37 id. 568, 573 ; 32 Alb. L. Jour. 33 ; 57 N. Y. 489.) The finding of the referee that the plank in the sidewalk, by the breaking of which the plaintiff was injured, was upon the north side of said sidewalk and was in fact outside of the exterior northerly line of

Tallman street, as the same had been opened by defendant pursuant to the last survey and map of the said street, furnishes no defense to the city. (*Cogswell* v. *Lexington,* 4 Cush. 307; *Hayden* v. *Inhab. of Attleborough,* 7 Gray, 338; *Alger* v. *Lowell,* 3 Allen, 405; *Riegerd* v. *City of Elmira,* 96 N. Y. 634, 635; *Schomer* v. *City of Rochester,* 15 Abb. [N. C.] 57; *Sewell* v. *City of Cohoes,* 75 N. Y. 47; *Langam* v. *City of Atchison,* 33 Alb. L. J. 517.) The street having been used in such a manner as to hold out ostensibly to the public that it was a public street, and to invite the public to travel upon it defendant was liable. (*Bruso's Case,* 90 N. Y. 679; *Cusick* v. *Adams,* 24 Weekly Dig. 157; *Tisdale* v. *Inhab. of Norton,* 8 Met. 338; *Richards* v. *Inhab. of Enfield,* 13 Gray, 344.) At the point where the accident happened the land was in fact part of the street and subject to the control and jurisdiction of the defendant. (66 N. Y. 261; 61 id. 448; 35 id. 375; 90 id. 679; 102 id. 4; 28 Weekly Dig. 305; 23 id. 534; 28 Federal Rep. 305.) To constitute a highway by dedication there must not only be a setting apart and a surrender to the public use of the land by the owner, but also an acceptance and formal opening by the proper authorities or a user. (66 N. Y. 261; 102 id. 4.)

PECKHAM, J. The place where the accident occurred was outside of the actual limits of Tallman street. That street had been legally opened for some years of the width of sixty feet, and the accident happened two or three feet north of its northern boundary, the street running east and west. There had never been any such dedication and acceptance on the part of the owners and the city authorities of that portion of land where the accident happened, as to make it any portion of the public street over which the city had jurisdiction. It had not built the sidewalk or any portion thereof, and never assumed jurisdiction over this piece of land. The city had no legal right through its officers to go upon the premises where the accident happened, for it did not own the same.

Under these circumstances we think it clear that the city cannot be held to any liability for the condition of the sidewalk outside of the line of the street, founded upon any duty to repair such sidewalk, for as it did not build it, never assumed control over it, did not own and had no legal right to go upon the land where the plank lay, such duty to repair or liability for neglect to repair does not exist. (*Carpenter* v. *City of Cohoes*, 81 N. Y. 21; *Veeder* v. *Village of Little Falls*, 100 id. 343.)

Nor is there anything in the case of *Beck* v. *Carter* (68 N. Y. 283), which aids the plaintiff. In that case defendant's testator had made an excavation about ten feet from the line of an alley which, under the facts in that case, the court held was to be considered as part of the public highway, and the plaintiff passing along the alley on a dark night fell into the excavation and was injured. The defendant was held liable for making an excavation so near to the highway as to make its use dangerous to one while exercising ordinary care. The action was against the person who made the excavation and not against the municipalty.

The case is also unlike that of *Sewell* v. *City of Cohoes*, (75 N. Y. 45). The officers of the city had in that case treated a piece of land within the city limits as a public street, and under and in pursuance of a resolution of the common council which fixed the grade, the land had been graded and paved as a street by the city authorities, and was used and traveled over as a public highway. The land had been in fact actually appropriated by the city and it had assumed the burden and duty of keeping it in a safe condition like any other of the public streets of the city. The court held that under such circumstances the city was estopped from setting up a lack of title to the street, or that it was not a legal highway.

But there is a class of cases, of which *Cogswell* v. *Inhabitants of Lexington* (4 Cush. 307), *Hayden* v. *Attleborough* (7 Gray, 338), *Alger* v. *City of Lowell* (3 Allen, 405), and a number of others are examples, where a city has been held liable for a failure to guard the boundary of a street under

circumstances which rendered the roadway dangerous on account of such failure. They are mostly cases where the injuries were received outside of the legal limits of the highway, but at a spot which was apparently within such limits and which was rendered dangerous by an obstruction or an excavation, and no step had been taken to guard the traveler from running against or into it while passing along what seemed to be the highway, and in the exercise of reasonable care and caution. Thus in the first of the above cases plaintiff was traveling in the evening along the highway, the line of which was not indicated by any visible objects and the post which occasioned the injury was outside of, yet near the true line of the highway, and within the limits of the general course and direction of the travel, and where travelers were accustomed to pass, and rendered the traveling dangerous. The court held the defendant liable even if it had no right to enter upon the land where the post was to remove it, because it clearly had the right and it was its duty, if it could not lawfully remove the post, to place such a fence or other barrier between it and the road as would have rendered the road safe.

So in the case of *Hayden* v. *Attleborough* (*supra*), where the limits of the higway were not indicated by any visible objects and there was nothing to show a person driving thereon in the evening that the course he was pursuing was not within the way intended for public travel, the defendant was held liable for an injury caused to the plaintiff by being thrown from a wagon at night into a cellar which had been dug two years before, although the cellar was outside of the limits of the road, and the plaintiff at the time of the accident was outside of such limits. But there was evidence that the owner of the land, at the place of the accident, had some years before thrown it open for travel and set back his fence, and such space so thrown open was as smooth as the highway and in good order to travel upon with horses and carriages, and before the digging of the cellar much of the travel had been accustomed to pass over the place where the cellar was dug.

The court charged the jury that if the line of the highway was not indicated by any visible objects, such as fences, banks. of earth or other objects, and if there was nothing to show the plaintiff in the evening that the route she was pursuing was not within the way intended for public travel, and if within the general course and direction of the travel, where travelers were accustomed to pass along the said highway, the cellar was so situated within the limits of the highway as to render the traveling there dangerous, *or without the limits of the located* way, but so near as to render the travel there dangerous in the condition in which it was at the time of the accident, and there was nothing to indicate to travelers their approach to the cellar until too late, etc., then after proper notice the town would be liable. This charge was approved. by the Supreme Court of Massachusetts, which held that the want of a railing necessary to the security of travelers made a highway "deficient" within the meaning of the statute. The court was requested to charge that if the plaintiff while traveling out of the road-bed (there being a proper and sufficient road-bed there), met with the accident at a point off the road-bed, and without the located way, then the defendants were not liable. This was refused and defendants took an exception which was overruled by the Supreme Court.

We have not had our attention called to any case in this. state precisely similar in its facts, but the principle of several of the cases decided here sustains this result. Thus in *Saulsbury* v. *Village of Ithaca* (94 N. Y. 27), although the village authorities had not built the plank-walk and had not even decided that a sidewalk should be built there, yet the court held that the duty rested upon the village to keep a. reasonably safe highway, and if the sidewalk were dangerous, no matter by whom built, the village owed a duty to the public to take such steps in the matter as would remove the ·danger. It is true the sidewalk in question in that case was . within the limits of the street, or in other words the cause of the dangerous condition of the street lay within its limits, while in the case at bar the cause of the danger in the street.

proper existed just outside of the true limits thereof, but still very near to it.

We are unable to perceive why the duty to keep the street reasonably safe does not exist in the one case just as much as the other; the only difference being that where the cause of the danger lies within the limits of the street, the corporation has the right to go upon the spot and there remedy the defect, while in such a case as this the corporation cannot go outside its limits, but is confined to a remedy within them. In *Veeder* v. *Village of Little Falls* (*supra*), it was claimed that the duty of the defendant was to put up a guard on its own land, and near the property of the state, so as to prevent any one from running into danger existing on such state property. But the court said it would not be under any such obligation if the barrier which was thus erected would prove more of a danger than that which was to be avoided by its erection; and it was held error to have refused the request of defendant to submit to the jury that question with a direction that if the erection would constitute a greater danger than the one sought to be avoided, the corporation was not negligent in failing to erect it. Yet, in that case, the necessity of doing something on its own land as a general rule to avoid a danger on the land of another, very near to the street and apparently being part thereof, was tacitly recognized as resting upon the municipality, and the excuse for not doing it which was alleged, was held a proper fact to be submitted to the jury.

The referee in this case found as a fact that for a year prior to and at the time of the happening of the accident the sidewalk, for want of repair, had become and was in an unsafe and dangerous condition, of which the defendant had due notice. He further found that the sidewalk was constructed of two strips of twelve-inch plank with one foot space between them to be filled up, and the planks ran lengthwise of the street and rested upon string pieces running across. The plank in the sidewalk, by the breaking of which the plaintiff was injured, was on the north side of the sidewalk and outside of the exterior line of the street, while the adjacent plank on the

other side of the same sidewalk was within the limits of the street.ʹ There was no mark or indication to the public as to where the true line bounding the north line of the street was, and the sidewalk was ostensibly a sidewalk upon the street, and the contrary thereof could not be ascertained without a survey and measurement, and the defendant from the time of the construction of the sidewalk down to after the accident permitted the same to remain apparently a sidewalk upon the street for the use of the public, and the same was extensively used by the public to the knowledge and acquiescence of the defendant.

Upon these findings of the referee, we think, so far as this question is concerned, a cause of action is made out. Generally the cause which rendered the highway dangerous has been, it will be observed, an excavation or an obstruction near it, and the question has been mooted whether the principle can be applied to such a case as this where the defect was outside of the limits of the highway and consisted only in the dangerous condition of the plank there laid in the manner above described. It is urged that such a danger is not within the principle, for it is so slight in degree that it cannot fairly be claimed to be negligence to fail to discover the defect, or if discovered, to guard the true limits of the street from such plank by a railing or some other structure. We do not see how any such distinction can be maintained. It is a question of fact and not of law as to the dangerous condition of the street. Under the finding of the referee this planking, outside of the street, was and had been for a year in a dangerous condition, and was so known to be by the city authorities. The walk was rendered dangerous because it was out of repair, and danger from such a source may be quite as great as that arising from an excavation or an obstruction in the road near the highway. I do not see how it can be said as matter of law that the city might be responsible for damages arising from the existence of an excavation or an obstruction, such as a post, and yet free from such liability arising from a sidewalk rendered dangerous from being out of repair. If the side-

walk outside of the limits of the street were dangerous, upon the facts in this case, because out of repair, I think the street itself may be said under the same facts to have been in a dangerous condition and that the city was liable, so far as this question goes, for injury arising therefrom.    Indeed, the finding of the referee is substantially to the effect that the highway was dangerous because of the condition of the plank just outside of its limits, and as there is evidence to sustain that finding we are bound by it in this court.

It has been also argued that the plaintiff herein voluntarily chose the plank which was outside of the street limits and was not injured either while within the true limits of the street or while passing from such limits to a point which was beyond, but that she had fully and safely and voluntarily passed outside of and beyond the limits of the street and was pursuing her way along the private property of adjacent owners when she received the injury and hence she ought not to be permitted to recover.    The argument might hold good and furnish a defense if the further fact were found, viz., that at this time the plaintiff knew she was outside the limits of the street and had knowingly left those limits for her own convenience.    The case cited by defendant's counsel of *Tisdale* v. *Inhabitants of Norton* (8 Met. 388), is of such a character.    The highway was out of repair and in a dangerous condition, and the plaintiff knowingly and for the purpose of avoiding the danger existing in the highway, turned out therefrom and went about four rods and there sustained the injury for which he brought suit.    The court held his action could not be maintained because it did not happen in the highway from which he had knowingly departed, and the fact that he left it because it was dangerous did not make the town liable for injuries sustained by him while he was thus knowingly and voluntarily outside of the highway.    But in this case the findings of the referee, already set out fully, we think, answer the argument above stated.

The other case cited by the defendant's counsel (*Rowell* v. *City of Lowell*, 7 Gray, 100) does not touch this point.    There

the plaintiff was coming to the street, but had not yet arrived on it when she slipped on some steps outside of the limits of the street, and continuing to slip came on the sidewalk, which being slippery and dangerous, the plaintiff fell and sustained injury. The court held she could maintain no action against the city, because she could not recover unless the defect in the highway was the sole cause of the injury. The case is no authority for or against the principle upon which we sustain this action.

Where there is no visible boundary to the line of the street and a portion of the road-way traveled on is so near the actual line (although really outside thereof), as to induce the belief in any one exercising reasonable care that he is within such line, if such portion is for any reason rendered danger-ous for travel and the city has notice thereof in due time, and such danger can be remedied by the exercise of reasonable care, either by the erection of a guard or railing along the true limits of the street, or in some other way, and the city neglects to guard it, we see no reason why it should not be held liable to one who is injured outside of such limits, under such circumstances, he being himself free from any neglect contributing to the injury.

The judgment is right and should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.