## TOMPKINS *v.* CITY OF OSWEGO.

*(Supreme Court, General Term, Fourth Department.   July, 1891.)*

`1. DEFECTIVE STREETS—INJURIES TO TRAVELERS—EVIDENCE.

Defendant's street ran parallel with and about 20 feet from a canal.  The surface of the street declined towards the canal, but after reaching the edge of the street the descent became precipitous.   There was a guard on the canal side of the street, originally consisting of several rails, all of which, except the bottom rail, about 12 inches from the ground, were gone.   Plaintiff's intestate, a man 68 years old, while walking along the street on a snowy evening, fell over the rail, and into the canal, and was drowned.   *Held,* that the evidence was sufficient to justify a submission of the question of defendant's negligence to the jury.

`2. SAME—INTOXICATION OF TRAVELER—CONTRIBUTORY NEGLIGENCE.

Evidence having been introduced by defendant to show that plaintiff's intestate was intoxicated at the time of the accident, and plaintiff having introduced testimony to rebut any presumption of contributory negligence on the part of decedent arising from the fact of his intoxication, the question whether he was free from contributory negligence was properly submitted to the jury, and they were properly charged that it was for them to say whether decedent's intoxication caused or contributed to his injury.

.3. SAME—NOTICE OF DEFECTS—APPLICATION OF STATUTE.

Laws N. Y. 1877, c. 127, § 15, which provides that the defendant shall not be liable to any injury sustained by reason of defective sidewalks and crosswalks, unless actual notice of their condition shall have been given to the common council, etc., within 48 hours previous to the injury, has no application to an injury caused by the absence of proper guards or railings along the edge of a sidewalk requiring protection.

Appeal from circuit court, Oswego county.

Action by Emily Tompkins, administratrix of David C. Tompkins, de-·ceased, against the city of Oswego, to recover damages for the alleged negli-·gence of the defendant in not properly maintaining a fence or guard railing along the side of West First street, in the city of Oswego.   The plaintiff

claims that, by reason of the defendant's omission to maintain such fence or railing, the plaintiff's intestate met with the accident which caused his death. At the point where the accident occurred, a canal, known as the "Varick Canal," runs parallel with West First street, on the east side thereof, and is about 20 or 30 feet from the fence or railing on the east side of the street. Just east of the fence the ground declines precipitously some 25 or 30 feet to the canal. Over this precipice the plaintiff's intestate fell, and was drowned. A fence or guard railing had been erected along the side of the street, but was out of repair at the point where the accident occurred, the upper and middle rails being gone, leaving only the bottom rail, over which the decedent fell. This rail was about 12 inches above the ground. The evidence tended to show that this fence was erected by the defendant. The surface of the ground in the street was uneven, and descended towards the fence. There was nothing at the point where the accident happened to protect a person from falling into the canal except the lower rail. The precipice was an abrupt one. The street near the fence had for years been used by the public, both by travelers on foot and by teams. On the evening of the accident the ground was wet and slippery, and there had been a slight fall of snow. The decedent was a man about 63 years of age, was able to work and support his family, earning about $500 a year. On the trial, when the plaintiff rested, the defendant moved for a nonsuit, on the grounds: (1) "That contributory negligence on the part of the deceased had been shown by the plaintiff's evidence; and (2) that no notice of the defect complained of had been given to the defendant as required by its charter." At the close of the whole evidence the motion was renewed upon the same grounds and the additional grounds: *First*, that no liability, as against the city, had been established; and, *second*, that contributory negligence on the part of the plaintiff's intestate had been shown. Both motions were denied, and the defendant excepted. On the rendition of the verdict, the defendant moved to set it aside, and for a new trial on the minutes, which motion was denied, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Thomas H. King*, for appellant. *Lester & Smith*, for respondent.

MARTIN, J. A municipal corporation is bound to exercise ordinary care and diligence to see that its streets are kept and maintained in a condition rendering them reasonably safe for travelers to pass over them. This duty extends to the entire width of the street, including the sidewalks, and to persons on foot as well as teams. Whether the defendant was guilty of an omission to perform this duty is one of the questions in this case. The court submitted to the jury the question whether the defendant was negligent in omitting to repair and properly maintain the railing which was erected along the side of the street where the accident occurred, so as to protect travelers from the danger of falling off the embankment along which the street ran. This railing had been out of repair some months, and the question whether the defendant had constructive notice of that fact was left to the jury. We think the evidence was sufficient to justify the court in submitting the question of the defendant's negligence to the jury. *Fitzgerald* v. *City of Binghamton*, 40 Hun, 332, affirmed 111 N. Y. 686, 19 N. E. Rep. 286; *Ivory* v. *Town of Deerpark*, 116 N. Y. 476, 22 N. E. Rep. 1080; *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303, 15 N. E. Rep. 409.

We are also of the opinion that whether the plaintiff's intestate was free from contributory negligence was, under the evidence, a question for the jury, and properly submitted to it. There was considerable evidence introduced by the defendant which tended to show that the decedent was intoxicated at the time of the accident, and that such intoxication did or might have contributed to or caused the accident which resulted in his death. On the other hand, the plaintiff introduced the evidence of persons who were present when the acci-

dent occurred as to how, and under what circumstances, it happened, which tended to show an absence of contributory negligence. If it were admitted that the decedent was intoxicated at the time, that fact alone would not establish contributory negligence on his part. It would be, at most, a circumstance for the consideration of the jury, in connection with the other facts in the case. If the jury had found that the decedent was intoxicated, and that such intoxication contributed to the accident, it might have barred a recovery. *Lynch* v. *Mayor, etc.,* 47 Hun, 524; *Fitzgerald* v. *City of Binghamton,* 40 Hun, 332, 336, affirmed 111 N. Y. 686, 19 N. E. Rep. 286. But the jury having found, upon all the evidence, that the decedent was free from contributory negligence, we think its verdict should be upheld.

We find no error in the refusal of the court to nonsuit the plaintiff because she failed to prove that the defendant had actual notice of the defect complained of. The contention of the defendant is that section 15, c. 127, Laws 1877, is applicable, and hence that such notice was necessary to a recovery by the plaintiff. That statute provides that the defendant shall not be liable for any injury sustained by a person in consequence of any sidewalk or crosswalk being out of repair, unsafe, dangerous, obstructed by snow, ice, or otherwise, unless actual notice of such condition shall have been given to the common council, the board of public works, or the superintendent of public works, at least 48 hours previous to such injury. The trial court held that that statute was not applicable to this case. It will be observed that the statute relates only to sidewalks and crosswalks, and does not relate to other defects in the street. We think the court properly held that the statute was not applicable. On the trial the court charged: "It was the duty of the defendant to protect the public under the circumstances of the case, and in the light of surrounding circumstances, from danger by the exercise of ordinary care and prudence to guard against it." It also charged: "The burden [of showing intoxication] rests upon the defendant. The question of the effect of intoxication is to be viewed in the light of all the circumstances surrounding the accident." The defendant's counsel then said: "On the last proposition we think that the burden is upon the plaintiff to show the absence of negligence on the part of the plaintiff's intestate." To which the court replied: "The burden upon them is to show that the deceased was guilty of no act of negligence that caused or contributed to the injury. They have attempted to show that. Having attempted to show that, and you having shown his intoxication, it is for the jury to say whether that intoxication caused or contributed to the injury, and, if so, then he is not free from contributory negligence on his part." To this portion of the charge the defendant excepted. We do not think the exception well taken. When the whole charge is considered together, it was quite as favorable to the defendant as it was entitled to, and the jury could have been in no way misled thereby to the prejudice of the defendant. We have examined the several rulings of the court on the admission and rejection of evidence, to which our attention has been called in the appellant's brief, but have found none that would justify a reversal or that require discussion. We think the case was properly submitted to the jury, that the evidence was sufficient to sustain the verdict, that there were no exceptions that require a reversal, and therefore that the judgment and order should be affirmed. Judgment and order affirmed, with costs.

HARDIN, P. J. I concur in the foregoing. I think the doctrine laid down by the court in *Maxim* v. *Town of Champion,* 4 N. Y. Supp. 515, applies. That case was affirmed. 119 N. Y. 626, 23 N. E. Rep. 1144. According to the verdict, the defendant neglected a duty resting on it, and by reason thereof the injury was sustained, and the verdict should be sustained.