SUSIE LINK, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Negligence — liability of a city for permitting a cellarway to exist on a sidewalk — contributory negligence of one falling into it — the questions should be submitted to the jury.*

In an action to recover damages for personal injuries, it appeared that the plaintiff, while walking along a sidewalk in a street in the defendant city, struck her foot against the coping of a cellar steps and fell over the coping into the cellarway. The cellarway was unguarded in front, but was protected on the east and west sides by copings built of irregular field stone. The coping on the east was nearly five feet long and about thirteen inches above the sidewalk. The coping on the west side was seven feet long and from two and one-half to eight inches above the sidewalk. The easterly coping was within the stoop line, but the westerly coping projected eleven inches beyond the stoop line. The cellarway projected four feet and eight inches beyond the building line of the street. The cellarway had been in the condition described since 1870. The plaintiff was unfamiliar with the locality. The street was, at the time of the accident, lighted by two electric lights, each of which was about 125 feet distant.

*Held,* that the question of negligence and of contributory negligence was properly submitted to the jury, and that a judgment entered upon a verdict in favor of the plaintiff should be affirmed.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 18th day of June, 1902, upon the verdict of a jury for $1,200, and also from an order entered in said clerk's office on the 19th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*George E. Blackwell*, for the appellant.

*James D. Bell* [*Melville J. France* with him on the brief], for the respondent.

JENKS, J. :

The action is for negligence. The place of the accident is a street in the borough of Queens. On an evening in November the plaintiff alighted from a car that stopped below the house she was seeking, and walked over the sidewalk in a "slanting" direction towards a light. She passed over the flagging of the sidewalk, struck her foot against a coping of the cellar steps of the house, and fell over the coping into the cellarway. The cellarway was unguarded in front, but was protected on either side by a coping which was nearly five feet long on the east side and about thirteen inches above the sidewalk, and nearly seven feet long on the west side and from two and one-half to eight inches above the sidewalk, built of irregular field stone, and not of true inclination. There is testimony that the coping came down to the edge of the sidewalk or very nearly to it. The cellar steps were within the stoop line of the street, as was the easterly side of the coping, but the westerly side extended eleven inches beyond the line. The house sought by the plaintiff stood back of the building line, but the posts which supported the piazza were upon the line, and the cellar projected onto the sidewalk four feet eight inches beyond the building line of the street. The sidewalk was flagged for a width of six feet, but on either side of the flagging was made of earth. The street was lighted by two electric lights, one on the opposite side of the street, and one on the side whereon the house was built, and each light was about one hundred and twenty-five feet distant. The plaintiff was unfamiliar with the

neighborhood. The condition of the cellarway had been the same since 1870. The street is a great thoroughfare for trolley cars, but not for pedestrians. I think that if the city negligently permitted such an opening to remain for so long a time unguarded and unprotected, or negligently permitted such an opening to remain for so long a time insufficiently guarded or protected, then liability for this accident might be cast upon the municipality. (S. & R. Neg. [5th ed.] § 353 ; *Donnelly* v. *City of Rochester*, 166 N. Y. 315 ; Elliott Roads & Streets [2d ed.], § 619 ; *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151.) Shearman & Redfield (*supra*) lay down the rule : "But the entire width of a sidewalk must be made and kept reasonably safe, including the curb, and if any part of it is taken up by an open area or cellarway connecting adjoining premises, with or without license, it is an obstruction for negligently permitting which to remain open or unguarded, the city is liable." (See, too, *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303.) The plaintiff was injured by a fall into an open cellarway, over a coping which did not in this instance protect the cellarway. Even conceding the contention of the learned counsel for the corporation that the coping was not unlawful, yet it was put there to guard the sides of the cellar, and the question remains whether it was such reasonable protection as absolved the city from negligence under the circumstances of place and continuance. I think that the questions of negligence were properly submitted to the jury by the learned court, KEOGH, J., and that the judgment and order should be affirmed, with costs.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, JENKS and HOOKER, JJ.

Judgment and order unanimously affirmed, with costs.