(97 App. Div. 82.)

SWEET v. CITY OF POUGHKEEPSIE.

(Supreme Court, Appellate Division, Second Department.   July 28, 1904.)

1. MUNICIPAL CORPORATIONS—STREETS—EXTRATERRITORIAL OBSTRUCTIONS—INJURIES TO TRAVELERS.

Plaintiff was driving in a city, and in turning a corner, while following the highway, his wagon came in contact with a stump standing six inches outside the highway line. There was no mark to indicate the line of the street, and it was shown that the public had turned in on the private premises inside the stump, and had made a beaten path across the corner. Plaintiff, however, was driving in the highway, as he supposed, but one of his wagon wheels struck the stump, causing him to be thrown out and injured. *Held* that, since there was nothing to indicate to plaintiff the lines of the highway, the city was liable for failure to guard such defect.

2. SAME—NOTICE.

Where there was evidence that the streets in the vicinity of an obstruction were largely used, and that the obstruction had remained for a long time, though more or less guarded by a telephone pole and a post up to within a few weeks of plaintiff's injury by reason thereof, whether the city had notice of the obstruction was for the jury.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff was injured by an obstruction in a street while driving a team. The night was dark, and an electric light located 150 feet away did not throw light enough so that the obstruction could be seen, and plaintiff, while driving at an ordinary trot, with his team under control, was injured. *Held* not to show that plaintiff was guilty of contributory negligence.

Appeal from Dutchess County Court.

Action by Pedro Sweet against the city of Poughkeepsie. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Martin Heermance, for appellant.
Charles Morschauser, for respondent.

WOODWARD, J. Upon a former appeal in this case (75 App. Div. 274, 276, 78 N. Y. Supp. 60) the rule laid down in the case of Jewhurst v. City of Syracuse, 108 N. Y. 303, 15 N. E. 409, that obstructions or excavations near to the boundaries of streets or highways, and separated therefrom by no visible mark which may aid the traveler within the public highways, may charge a municipality with liability for neglecting to guard against accidents, was recognized, but the case was distinguished on the ground that the evidence tended to show that the accident to the plaintiff resulted from the latter attempting to drive across private property by way of a beaten path which had been permitted to be made by the owner of the said premises. The case, as it is now before us, contains evidence that the plaintiff was driving through Smith and Cottage streets, in the city of Poughkeepsie, and that in turning from Smith street into Cottage street, following the highway, his wagon came in contact with a stump standing six inches outside of the highway line, but with no mark to

indicate the line of the street, and that he was thrown out and injured. The photographs in evidence show that at the corner of the street where the trolley tracks approached closely to the corner, the public had turned in upon the private premises west of the stump in question, and had made a beaten path across the corner, instead of following the true lines of the highway; and it was upon the theory that the plaintiff had attempted to make use of this private way that the case was previously reversed. But it now appears from the evidence that the plaintiff was driving in the highway, as he supposed, and that one of the wheels of his wagon reached over the line of the highway sufficiently to hit the stump, which was outside of the true lines of the street six inches; and, if this was the true situation, and the evidence justifies such a conclusion, then the defendant owed the duty of using reasonable care to protect the plaintiff from this danger, under the authority above cited, provided it had notice of the danger. Upon this latter point we think the evidence is sufficient to support the judgment. There was evidence that the streets in that vicinity were largely used, and that this stump had remained exposed in this manner for a long time, although it was shown that it had been guarded more or less by a telephone pole and a post up to within a few weeks of the happening of the accident. We think, however, in view of all the circumstances, that it was a question for the jury, and their determination ought not to be disturbed. The evidence discloses that the plaintiff was driving a team, with a quantity of groceries and provisions on his wagon; that the night was dark; and that the electric light, something like 150 feet away, did not throw light enough so that the stump could be seen; and that the plaintiff, while driving upon an ordinary trot, with his team well in hand, came in contact with this stump, and was injured, being picked up unconscious after the accident. The inference of reasonable care may be gathered from the facts disclosed by the evidence, and this satisfies the requirements of the law.

We think the objection that the judgment is larger than the amount of the claim as originally filed, under the provisions of the statute, is without substantial merit, and that it ought not to be allowed to defeat the plaintiff's recovery. Eggleston v. Town of Chautauqua, 90 App. Div. 314, 317, 86 N. Y. Supp. 279, and authority there cited.

The judgment and order appealed from should be affirmed, with costs. All concur.