ENGLEHARDT v. CENTRAL NEW ENGLAND RY. CO.

(Supreme Court, Appellate Division, Second Department.   July 29, 1910.)

1. NEGLIGENCE (§ 32*)—INJURY TO LICENSEE.

In absence of express or implied invitation, one using private property by bare permission must take it as he finds it; the owner being only bound to refrain from affirmative negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 42; Dec. Dig. § 32.*]

2. NEGLIGENCE (§ 38*)—RAILROAD YARDS—DUTY TO PROTECT PREMISES.

While going home on a dark night, plaintiff passed through defendant railroad company's yards, which were between two streets, and walked along an open space frequented by the public, until, leaving the space to avoid a crowd therein and starting to cross a switch, she fell into a hole between the rails which had been used for five years to dump coal from cars into a private coalyard; the hole being lined with planks converging at the bottom. *Held*, that defendant was not bound to anticipate injury to any one under the circumstances, so as to be negligent in not covering or guarding the coal hole, so that it was not liable for plaintiff's injuries.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 54; Dec. Dig. § 38.*]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Dutchess County.

Action by Mary Englehardt against the Central New England Railway Company and others. From a judgment for plaintiff, and an order denying a motion for new trial, defendant named appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Charles M. Sheafe, Jr., for appellant.

Morschauser & Hoysradt, for respondent.

CARR, J.   The defendant appeals from a judgment against it for personal injuries suffered by the plaintiff through its alleged negligence. The facts, briefly stated, are as follows: The place of the accident was in the city of Poughkeepsie. On the evening of July 16, 1908, there was a public exhibition of fireworks, which the plaintiff and some of her woman friends attended. On their way home they passed through premises owned and used by the defendant as a railroad yard, and through which various tracks and switches were laid. The premises were situated between two public streets, and the plaintiff's purpose in going upon them was to take a short cut to the street nearer her home. Alongside of one of the switch tracks was an open space, which appears to have been used frequently by the general public for passage through the defendant's premises. The plaintiff and her companions passed along this open space until they came to the point of the accident. The night was dark, and there was somewhat of a crowd going in the same direction. It was suggested, either by the plaintiff or her companions, to leave this space and take

a cut across a switch track of the defendant in order to avoid the crowd. As the plaintiff stepped aside for this purpose, she crossed one of the rails of a switch track and fell immediately into a hole on the track and between the rails. This hole had been put there for the purpose of enabling the discharge of coal from the cars of the defendant into a coal pocket of an adjoining coalyard in private premises. It was planked around, and its descending sides were lined with planks converging in the descent. It had been located at the spot in question for more than five years. The plaintiff asserted liability on the part of the defendant on the claim that the defendant, by permitting the general public to pass along by the tracks in its yard, was bound by a duty to exercise reasonable care in the maintenance of its property adjoining the place so used for passage, and that in failing either to cover or to erect a barrier around this coal hole it had failed to discharge that duty.

The respondent cites but two authorities in support of her contention, viz.: Jewhurst v. City of Syracuse, 108 N. Y. 303, 15 N. E. 409, and Sweet v. City of Poughkeepsie, 97 App. Div. 82, 89 N. Y. Supp. 618. Neither of them is strictly in point. Both of these cases arose where a traveler on a public highway was injured by the existence of a dangerous obstacle near the line of the highway, with which he came in contact accidentally, without intending to leave the highway, the boundaries of which were not so marked as to be distinguishable. The liability there followed from the plain duty of keeping the highway reasonably safe for public use. The difference between one using a public highway as a matter of legal right and one using private property as a matter of license or sufferance is very important. It may be that the defendant is liable under the rule declared in Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175, but that requires an examination of what was there actually decided. In that case the common-law rule was declared as follows:

"The owner of land is not bound by the common law to fence his land, or in any way to mark the boundaries of his possession. [Cases cited.] He may leave it open, and a person entering thereon without permission is a trespasser, and it is no excuse that the entry was made innocently and by mistake; and the rule is the same in respect to a traveler on the highway, who, without necessity, goes therefrom onto the adjoining land. The owner of land may also make an excavation on his own premises, and is not bound to fence it for the protection of persons not lawfully on the land." 68 N. Y. 289, 290 (23 Am. Rep. 175).

This general rule was qualified, as the court declared, by a further rule, as follows:

"When the owner of land expressly, or by implication, invites a person to come upon his land, he cannot permit anything in the nature of a snare to exist thereon, which results in injury to the person who avails himself of the invitation, and who, at the time, is exercising ordinary care without being answerable for the consequences. If, however, he gives but a bare license or permission to cross his premises, the licensee takes the risk of accidents in using the premises in the condition in which they are." 68 N. Y. 292 (23 Am. Rep. 175).

In that case a hotel owner had dug an excavation on his own property near an alleyway used by the general public, and a passer-by,

124 New York Supplement.

who stepped aside from the alleyway, fell into the hole,. which had been left unguarded. The court was of opinion that the open space on the defendant's property, on which the hole was dug, had been left open for the use of the general public as an advantage to the owner of the hotel, and treated the case before it as one where a licensee by invitation, express or implied, had been injured. Where there is no invitation, express or implied and the one who uses the private property does so by bare permission, the well-settled rule is that he must use the property as he finds it, and the owner is held to no greater degree of care than to abstain from affirmative negligence. Larmore v. Crown Point Iron Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718; Splittorf v. State of New York, 108 N. Y. 205, 15 N. E. 322; Morris v. Brown, 111 N. Y. 318, 18 N. E. 722, 7 Am. St. Rep. 751; Bond v. Smith, 113 N. Y. 378, 21 N. E. 128; Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673, 12 Am. St. Rep. 772; Murphy v. City of Brooklyn, 118 N. Y. 575, 23 N. E. 887; Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594; Collins v. Decker, 120 App. Div. 645, 105 N. Y. Supp. 357.

In the case at bar the plaintiff was not passing along a public highway when she stepped aside into the coal hole. She was on private property, on which she had entered for her own purpose. She was not there by any invitation from the owner in connection with its business or the purpose for which the place was maintained. She used the defendant's property that night simply because she saw others using it. Her right to be there at all rested upon no better basis than a mere permission. The defendant was guilty of no affirmative act of negligence against her. It had a legal right to have the coal hole where it was. The law cast upon it no duty to anticipate that some one would enter its property on a dark night, for purposes not connected with its use of the property, and step into the coal hole located between the rails of one of its switch tracks.

I think the question of the defendant's liability should not have been submitted to the jury under these circumstances, and I recommend, therefore, that the judgment and order be reversed, and a new trial granted; costs to abide the event.

WOODWARD, THOMAS, and RICH, JJ., concur. HIRSCHBERG, P. J., dissents.