## DURKIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 20, 1911.)

1. MUNICIPAL CORPORATIONS (§ 721*)—PROPERTY—SALE OF PROPERTY ACQUIRED FOR PARK PURPOSES—TERMINATION OF TRUST.

Where a city, by legislative proceedings, acquires land for park purposes, it cannot, by its own act, absolve itself from such trust, but it is within the power of the Legislature to relieve the city from its trust obligation to maintain the land for park purposes, and, where an act declares that the land need not be held longer for park purposes and authorizes the sale of a part of such land, the sale and conveyance of the whole is not a condition precedent to the termination of the trust.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1542–1544;  Dec. Dig. § 721.*]

2. MUNICIPAL CORPORATIONS (§ 851*)—TORTS—CONDITION OF LAND—CARE AS TO LICENSEE.

Where the Legislature has relieved a city from its trust obligation to maintain for park purposes land originally acquired for such purposes, and the city owns a vacant lot, a part of such land remaining after sales and conveyances by the city, the fact that the city officials knew that the public were in the habit of passing over this land the same as over private land immediately adjoining it imposes no duty of active and affirmative diligence upon the city to protect persons from injury, but persons so using the land are mere licensees and assume the risk incident to its condition when they enter upon it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1808;  Dec. Dig. § 851.*]

Appeal from Trial Term, Kings County.

Action by Walter Durkin, an infant, by Michael T. Durkin, his guardian ad litem, against the city of New York.   From a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Rufus O. Catlin (Jacob Brenner, on the brief), for appellant.

James D. Bell (Jesse W. Johnson, on the brief), for respondent.

BURR, J.   [1] The crucial question in this case is as to the nature and extent of the duty which defendant owed plaintiff with regard to the property upon which the latter was injured.   It was a vacant plot of ground upon Eastern Parkway, near Underhill avenue.   Originally it was acquired by the former city of Brooklyn for park purposes (Laws of 1860, c. 488, as amended by Laws of 1861, c. 340).   By a subsequent act (Laws of 1870, c. 373, as amended Laws of 1873, c. 795) it was provided that the Brooklyn park commissioners should be authorized to contract and sell at public auction, at such times and on such terms and conditions as they should deem expedient, a portion of said lands lying easterly of Flatbush avenue and including the premises in question.   A large portion of such land has been sold and conveyed;  but a part thereof, including the lot upon which plaintiff was injured, still belongs to the city.   The effect of this was to relieve the city from any trust obligation to maintain this parcel of land as a public park, and to empower it to sell the same.   Brooklyn Park Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

missioners v. Armstrong, 45 N. Y. 234, 6 Am. Rep. 70; City of Brooklyn v. Copeland, 106 N. Y. 496, 13 N. E. 451. This was within the legislative power and discretion. Id. After the passage of this act, the liability of the city with respect to this land was the same as that of a private individual owning similar land similarly used. Appellant contends that the trust imposed upon the city to hold these lands for a public use was not terminated until the land was actually sold and conveyed. This seems to us too narrow and literal a construction of the language of the act. By the act of 1860 as amended, the city acquired the fee of these lands, impressed, it is true, with a trust for the benefit of the public.. From that trust the city could not by its own act absolve itself. The Legislature might grant such absolution. Brooklyn Park Commissioners v. Armstrong, supra. This it did when, by the act referred to, it declared that the city need not longer retain these lands for park purposes. The sale and conveyance was not a condition precedent to the termination of the trust. It was rather in the nature of an act in furtherance of it by putting the city in a position by which it could improve the remainder of the lands taken for a park through the proceeds of the sale of this portion thereof. To hold otherwise would produce strange and difficult complications.

By the act of 1870 the park commissioners were authorized, among other things, before sale to lay out streets through such unused portion of the park lands, and to grade, pave, curb, and gutter the same. But if the trust was not completely terminated until all the lands were sold, if a single lot somewhere within the tract, 25 feet wide by 100 feet deep, remained in the ownership of the city, would the land in all of these streets still remain under the control of the park commissioners as part of the park, and would they be responsible for the care and maintenance thereof, instead of the city officials ordinarily charged with the performance of such duties? And, so long as one lot of the dimensions specified remained unsold, were the park commissioners obliged to maintain and improve this as a park, using therefor a portion of the proceeds of the sale of the residue of such lands, and be responsible for the condition thereof, even although this single lot might be far removed from the remainder of the lands used for park purposes? We think not.

[2] The fact that to the knowledge of the city officials the public were in the habit of passing over this land to the same degree but to no greater degree than the land of private individuals immediately adjoining it, imposed no duty of active and affirmative diligence upon the city to protect persons from injury. Persons so using the land were mere licensees, and assumed the risks incident to the condition of the premises when they entered upon the same. 2 Thomas on Negligence, 2103; Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673, 12 Am. St. Rep. 772; Birch v. City of New York, 190 N. Y. 397, 83 N. E. 51, 18 L. R. A. (N. S.) 595; Englehardt v. Central N. E. Railway Co., 139 App. Div. 786, 124 N. Y. Supp. 494.

The judgment appealed from should be affirmed, without costs. All concur.