**CITY OF ZUMBROTA, Appellant,**

v.

**STRAFFORD WESTERN EMIGRATION COMPANY, etc., et al., Respondents.**

No. 49670.

Supreme Court of Minnesota.

March 21, 1980.

Rockne & Rockne and David A. Rockne, Zumbrota, for appellant.

Lawrence & Costello and Patrick J. Costello, Red Wing, for respondents.

PETERSON, Justice.

Plaintiff, City of Zumbrota, appeals from an order of the trial court finding plaintiff not entitled to a determination that it is the owner of certain real property in fee simple absolute without restraint of full powers of alienation and enjoining plaintiff from selling the property or terminating or otherwise interfering with its use as a public square.

The real property that is the subject of this action is designated a public square on a plat of the Town of Zumbrota filed in 1856 by the Strafford Western Emigration Company. The plat contains the following language:

> We the undersigned Trustees of the Strafford Western Emigration Company, Proprietors of the Town of Zumbrota, hereby certify that we have caused the said Town to be surveyed and plotted, that below is a correct plot thereof, and we do hereby give the Streets Alley and Public Square of said Town for public use.

From 1856 until the present, the property has been maintained by plaintiff and used as a public park. Plaintiff now wishes to sell the property to a private developer for construction of a senior citizens' residence. In August 1977, plaintiff commenced this action, seeking a judgment determining it to be the owner of the property in fee simple absolute without restraint of full powers of alienation and determining defendants to have no estate or interest in or lien upon the property. Defendants Conrad F. and Isabelle F. Hernlem, Eugene and Leona Jacobson, Nora B. Lothrop, Emil P. and Olga H. Burrs, Florence I. and Peter Hovde, all owners of property abutting the public square, answered and by counterclaim sought a permanent injunction prohibiting plaintiff from conveying the public square property or terminating or otherwise interfering with its use as a public square.[1]

In March 1978, the legislature enacted a statute specifically authorizing plaintiff to sell the public square property.[2] On September 14, 1978, the trial court determined that plaintiff does not own the property in fee simple absolute without restraint of full powers of alienation and issued the injunction requested by defendants. We affirm the decision of the trial court.

The effect of the language included on the plat of the Town of Zumbrota, "we do hereby give the Streets Alley and Public Square of said Town for public use," is a dedication by the Strafford Western Emigration Company of the public square for public use. How plaintiff may use property so dedicated is the issue raised by this appeal.

1. *Headley v. City of Northfield*, 227 Minn. 458, 35 N.W.2d 606 (1949), involved the use to which property dedicated as a public square for public use might properly be put and controls our decision in this case. In 1856, John W. North and his wife platted as the Town of Northfield certain land owned by North. In the plat, they dedicated the public square for public use. The square was used thereafter as a public park. During the years 1946 to 1948, however, the city developed and adopted a plan to convert more than one-half of the public square into a high school athletic field and playground. Several Northfield taxpayers, some of whom owned property abutting the public square, sued to enjoin the city and its contractor from carrying out the plan.

The court found that the public square involved in *Headley* did not belong to the city but rather was "the property of the dedicator or his successors in interest, in which the city, as trustee for the benefit of the public and not in its own right as such, has such an interest as is necessary to enjoy the use thereof as a public square." 227 Minn. at 463, 35 N.W.2d at 609. The court found that the city, as trustee of the public square, had a duty "to devote the public square to the uses intended by the dedica-

---

1. The remaining defendants have not answered the complaint and are alleged by the city to be in default.

2. 1978 Minn.Laws, ch. 557.

tor." 227 Minn. at 464, 35 N.W.2d at 610. Any use of the public square inconsistent with the purpose of the dedication would therefore constitute a breach of trust.

The court said in *Headley* that a public square is commonly intended to be "an open tract of land for use for purposes of free passage or of ornamentation and improvement as grounds of pleasure, amusement, recreation, or health" to which all members of the public have free access. 227 Minn. at 463–64, 35 N.W.2d at 609. The court found that using the public square as a high school athletic field and playground would be inconsistent with the purpose for which the square was dedicated because it would necessitate the exclusion of the general public from the square. 227 Minn. at 465–66, 35 N.W.2d at 610. Accordingly, the court enjoined the city from carrying out its plan.

In the instant case, construction of a senior citizen's residence on the public square property would make it impossible to use the property in the manner in which a public square is customarily used and would entail the exclusion of the general public from the property. The trial court was therefore correct in enjoining plaintiff from selling the property or terminating or otherwise interfering with its use as a public square.

 2. That the legislature has by special legislation authorized plaintiff to sell the public square property cannot affect the result in this case because the legislation is unconstitutional. Under *Headley*, the public square property must be treated as belonging to the dedicator or its successors in interest. Plaintiff has only such an interest in the property as is necessary to fulfill the property's purpose as a public square. In authorizing plaintiff to sell the public square property, the statute effects a taking of private property without just compensation in violation of Minn. Const. art. 1, § 13. As we stated in *Headley*:

> Authorization of the changed use by the city council does not make it lawful. Use of property for purposes other than those for which it was dedicated cannot be au-

thorized by ordinance (*Durkin v. City of New York*, 146 App.Div. 472, 131 N.Y.S. 275; 44 C.J., Municipal Corporations, § 4022), or even by statute (*City of Jacksonville v. Jacksonville Ry. Co.*, 67 Ill. 540; *Louisville & Nashville R. Co. v. City of Cincinnati*, 76 Ohio St. 481, 81 N.E. 983).

227 Minn. at 466, 35 N.W.2d at 611.

Affirmed.